## STATE v. FOXLEY.

No. 3913.   Decided March 15, 1923.   (213 Pac. 1079.)

1. EMBEZZLEMENT—WHERE EVIDENCE WAS FOR JURY, REFUSING TO DIRECT VERDICT NOT ERROR. In a prosecution for embezzlement, evidence *held* to justify refusal of a motion to direct a verdict of not guilty.

2. WITNESSES—NOT ERROR TO CONFINE EXAMINATION OF IMPEACHING WITNESS TO STATEMENTS PROPOUNDED TO AND DENIED BY STATE WITNESS. In an embezzlement prosecution where defendant on cross-examination of prosecutrix asked her whether at a certain time and place she had not made a statement to a certain person respecting her confidence in defendant's integrity, which she answered, "No," and defendant called the named person and asked him to detail the alleged conversation with prosecutrix at the time and place to which her attention was called, *held*, there was no error in not permitting defendant to show the entire conversation between witness and prosecutrix.

3. WITNESSES—PROSECUTRIX HELD TO HAVE STATUS OF WITNESS ONLY. The prosecutrix in a criminal prosecution has the status of a mere witness and must be treated as such in respect to impeachment.

Appeal from District Court, First District, Box Elder County; *M. C. Harris,* Judge.

Charles W. Foxley was convicted of embezzlement, and he appeals.

AFFIRMED.

*A. D. McGuire,* of Tremonton, *B. H. Jones,* and *J. Wesley Horsley,* both of Brigham City, and *C. E. Norton,* of Salt Lake City, for appellant.

*Harvey H. Cluff,* Atty. Gen., and *W. Hal. Farr,* Asst. Atty. Gen., for the State.

FRICK, J.

The defendant was convicted of the crime of embezzlement
in the district court of Box Elder county and was sentenced
to serve an indeterminate term in the state prison. He ap-
peals from the judgment and assigns a number of errors.

In the first assignment it is contended that the district
court erred in refusing defendant's requested instruction
requiring the jury to return a verdict of not guilty. This
assignment is predicated upon the contention that the evi-
dence is insufficient to sustain the verdict and judgment.
No good purpose could be subserved by us in setting forth
the evidence upon which the jury based their finding. If
we attempted to do that, we would have to set forth rather
complete statements of the witnesses, which statements on
the real issue involved in the case are in conflict. Different
individuals reading the statements might arrive at different
conclusions, and hence nothing would be gained by pursuing
that course. We shall therefore confine our statement to
setting forth only the respective theories of the state and
the defendant and to give a brief outline of the facts upon
which those theories are based.

The defendant is, and for many years has been, an attor-
ney at law practicing more or less in the courts of Box
Elder county. He was the attorney and adviser of the prose-
cuting witness who was the duly qualified and acting admin-
istratrix of the estate of her former husband who had died
a number of years prior to the incidents hereinafter referred
to. In the course of the administration of said estate, or
when the administration of the same had been practically
completed, the prosecuting witness desired to sell some of
the real estate belonging to the estate for the purpose of
investing the proceeds of such sale upon securities which
would yield her a greater return than she had derived from
the real estate. With that end in view, she counseled with
the defendant, and he represented her and the estate in the
probate court of Box Elder county for the purpose of ob-
taining permission from the court to sell the real estate.

Defendant prepared a proper application, to consummate that purpose and obtained an order of sale from the court. Pursuant to such order, the real estate was sold, and the prosecuting witness realized something over $8,000 from the sale, all of which she deposited in the bank as administratrix of the estate.

It is at this point that the statements of the prosecutrix and the defendant respecting the transaction diverge. The testimony of the prosecuting witness is clear and explicit that the defendant obtained a large portion of the money ($3,300) from her for the purpose of lending it on real estate security, while the defendant insists that he obtained the money as a loan from her to himself. It is manifest, therefore, that if the money was obtained by the defendant and the same was intrusted to him for the purpose of lending it to another or others upon real estate security, and he failed to execute the trust, but converted the money to his own use with the intent to defraud the prosecutrix, he would be guilty of embezzlement under our statute; while, upon the other hand, if the prosecutrix had loaned the money to the defendant as contended by him, he would merely have become a debtor for the amount of the loan, and hence could not be held criminally liable. As before stated, however, if the jury believed the statements of the prosecutrix with respect to the nature of the transaction by which the defendant obtained the money and she parted therewith, then there is ample evidence to sustain the verdict. If, upon the other hand, the jury had felt impelled to take the view contended for by the defendant, they might well have found him not guilty. Under these circumstances, unless there is some prejudicial error of law we have no legal right to interfere with the findings of the jury.

The court therefore committed no error in refusing to direct a verdict of not guilty.

It is next insisted that the court erred in refusing to charge the jury as requested by the defendant. There is not sufficient merit to this contention to warrant us in setting forth the respective requests to charge. It must suffice to say that

in so far as those requests stated correct propositions of law, the same were fully covered by the court's general charge. No error was committed in that regard.

It is further contended that the court erred in sustaining an objection to a question asked a witness called in behalf of the defendant when he was asked to detail an alleged conversation he had with the prosecutrix a long time after the alleged offense was committed and some time before the trial. The question now under consideration arose as follows: On cross-examination defendant's counsel asked the prosecutrix whether at a certain time and place she had not made a certain statement to a certain person, naming him, respecting her confidence in defendant's integrity. She answered, "No." Then the defendant called the person to whom it was contended the statement was made, and he was asked to detail the conversation that he had with the prosecutrix at the time and place to which her attention was called. The state's attorney objected upon the ground that the question was not confined to the statement that it was contended that the prosecutrix had made, and that the conversation, whatever it may have been, was improper in that stage of the case. The court ruled that the question should be confined to the statement propounded to the prosecutrix which she had denied. Defendant's counsel now insist that the court erred in not permitting them to show the entire conversation had between defendant's witness and the prosecutrix at the time and place referred to. The matter is material only as being an impeachment of the statements of the prosecutrix. She was asked only with respect to the particular statement which she denied. Perhaps if her attention had been directed to all that was said in the alleged conversation, she might have admitted some or all of the alleged conversation as she understood it. Not to confine the question to at least the substance of what was asked the prosecutrix would therefore have been exceedingly unfair to her. It is for that reason that the question asked a witness for the purpose of impeachment must be confined to the statements contained in the question asked

the witness whose statements are sought to be impeached.

Counsel for defendant, in their brief, treat the matter as though the prosecutrix were a party to the action and that therefore they had a right to show any declarations she might have made derogatory to her interests. Without now passing upon the question of how far the general rule of asking impeaching questions may be departed from, if at all, when the witness sought to be impeached is a party to the action, it must suffice to say that the prosecutrix was not a party to this action, but a mere witness, and must be treated as such.

The court therefore committed no error in sustaining the state's objection.

It is insisted that the court erred in not granting defendant's motion in arrest of judgment. While there are some matters set forth in the motion which properly could be included in a motion in arrest of judgment, yet all that we have before us are the mere recitals contained in the motion. In so far as these recitals refer to matters of fact, we cannot determine from the record whether the court's ruling was right or wrong; and in so far as the statements contained in the motion relate to matters of law, the ruling of the district court is right.

In counsel's brief much space is devoted to the question of what constitutes embezzlement by an attorney or by one standing in a fiduciary relation to another, etc. The court's charge went into that subject very fully and the defendant's rights in that respect were carefully guarded and fully protected.

While there are other assignments, yet after carefully considering the whole record of the proceedings we are fully convinced that the defendant had a fair trial and that we cannot legaly interfere with the judgment of conviction.

The judgment therefore should be, and it accordingly is, affirmed.

WEBER, C. J., and GIDEON, THURMAN, and CHERRY, JJ., concur.