## In re FOXLEY.

No. 3984.   Decided June 23, 1923.   (217 Pac. 248.)

ATTORNEY AND CLIENT—SUPREME COURT OF OWN MOTION MAY
DISBAR ATTORNEY CONVICTED OF FELONY.   Under Comp. Laws
1917, § 331, authorizing disbarment for conviction of a felony,
or misdemeanor involving moral turpitude, and section 332,
requiring the district court clerk to transmit a certified copy
of the record within 30 days, both statutes being complied with,
the Supreme Court of its own motion will disbar the attorney
for embezzlement.

Charles E. Foxley, an attorney and counsellor at law having been convicted of embezzlement, a certified copy of the record was transmitted by the clerk of court to the Supreme Court.

DISBARMENT ORDERED.

PER CURIAM.

Charles E. Foxley, an attorney and counsellor at law of this court, was informed against, and, on September 26, 1922, convicted of the crime of embezzlement. On appeal to this court the judgment of conviction was affirmed. 61 Utah 404, 213 Pac. 1079.

Section 331, Comp. Laws Utah 1917, so far as material here, provides:

"An attorney and counsellor may be removed or suspended by the Supreme Court, and by the district courts, for any of the following causes, arising after his admission to practice:

"1. His conviction of felony or misdemeanor, involving moral turpitude, in which case the record of conviction is conclusive evidence."

Section 332, Id. provides:

"In case of the conviction of an attorney or counsellor of a felony or misdemeanor, involving moral turpitude, the clerk of the court in which such conviction is had must, within thirty days thereafter, transmit to the Supreme Court a certified copy of the record of conviction."

In pursuance of the foregoing section, the clerk of the district court of Box Elder county, wherein the conviction of said attorney was had, duly certified to this court a copy of the record of conviction and the proceedings had thereunder.

It is therefore ordered that said Charles E. Foxley be, and he hereby is, disbarred from practicing as an attorney and counsellor in the courts of this state, and that his name be stricken from the roll of attorneys.